Gina M. Corena, Esq.
Nevada Bar No. 10330
Krista J. Nielson, Esq.
Nevada Bar No. 10698
LAW OFFICE OF GINA M. CORENA
400 S. Fourth Street, Suite 500
Las Vegas, Nevada 89101
Telephone: (702) 943-0308
Facsimile: (888) 987-6507
gina@lawofficecorena.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VLADIMIR ARGOTE-ESTRADA, an individual; IROSBEL REYES-BLANCO, an individual;

Plaintiff,

vs.

GREENWAY TRANS, INC., an Illinois domestic corporation; VEACESLAV REPIN, an individual; DOES I through XV, and ROE CORPORATIONS I through X, inclusive,

Defendants.

CASE NO.:

**PLAINTIFF'S COMPLAINT**

COME NOW Plaintiffs, VLADIMIR ARGOTE-ESTRADA and IROSBEL REYES-BLANCO, by and through their attorneys, the LAW OFFICE OF GINA M. CORENA and for causes of action against the Defendants, GREENWAY TRANS, INC., VEACESLAV REPIN, DOES I through XV, and ROE CORPORATIONS I through X, inclusive, and jointly and severally, alleges as follows:

/ / /

/ / /

## GENERAL ALLEGATIONS

1. At all times relevant hereto, Plaintiff, VLADIMIR ARGOTE-ESTRADA (hereinafter "VLADIMIR"), was and is a resident of Clark County, State of Nevada.

2. At all times relevant hereto, Plaintiff, IROSBEL REYES-BLANCO (hereinafter "IROSBEL"), was and is a resident of Clark County, State of Nevada.

3. Upon information and belief, at all times relevant hereto, Defendant GREENWAY TRANS, INC., (hereinafter "GREENWAY"), was and is an Illinois corporation.

4. Upon information and belief, at all times relevant hereto, Defendant VEACESLAV REPIN, (hereinafter "REPIN"), was and is a resident of Cook County, State of Illinois.

5. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through XV, and ROE CORPORATIONS I through X, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names; Plaintiffs are informed and believe and therefore allege that each of the Defendants designated herein as a DOE and ROE CORPORATIONS are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged, and that Plaintiffs will ask leave of this Court to amend their Complaint, to insert the true names and capacities of DOES I through XV, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action. Plaintiffs are informed and believe that DOE individuals, XI through XV, are owners, operators, lessors or individuals otherwise within possession and control of the motor vehicles herein alleged, who maintain the motor vehicles herein alleged, and/or are individuals otherwise within the flow of traffic related hereto. Plaintiffs are informed and believe that ROE CORPORATIONS I through V are owners, lessors and/or maintainers of the motor vehicles herein alleged, and/or are in some manner responsible for the actions and omissions of her employees, agents, assigns, lessees and/or predecessors or successors in interest related hereto. Plaintiffs are informed and believe that ROE CORPORATIONS VI through X are insurers of Plaintiffs and/or the motor vehicles and/or parties herein alleged and provided insurance to include, but not limited to, uninsured

and underinsured motor coverage, umbrella, disability, death and funeral benefits, medical payments and/or other for Plaintiffs and/or any party hereto of DOE or ROE.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 5 above.

7. At all relevant times herein, GREENWAY was the owner of a 1999 Peterbilt Semi, with Illinois license plate number P903203 ("Defendant's Vehicle").

8. At all relevant times herein, REPIN was the driver of Defendant's Vehicle with the permission of GREENWAY.

9. At all relevant times herein, REPIN was acting within the course and scope of his employment by GREENWAY.

10. On or about August 27, 2016, Plaintiff VLADIMIR ARGOTE-ESTRADA ("VLADIMIR") was operating a 2015 Dodge Durango with Nevada license plate number 385ZBT ("Plaintiff's Vehicle").

11. On that date, VLADIMIR was driving northbound on Interstate Route 15, approximately three miles north of the town of Fillmore, Utah, at mile post #171.

12. Plaintiff IROSBEL was a passenger in Plaintiff's Vehicle.

13. VLADIMIR pulled off the right side of the highway onto the shoulder with sufficient space for his driver's side door to be completely off the highway.

14. Defendant REPIN was driving Defendant's Vehicle northbound on Interstate Route 15 in the right lane.

15. REPIN left the highway onto the right shoulder and the front end of Defendant's Vehicle collided with the open driver's side door of Plaintiff's Vehicle ("Collision").

16. As a direct and proximate result of REPIN's failure to exercise reasonable care, REPIN's conduct resulted in the Collision between Plaintiff's Vehicle and Defendant's Vehicle.

17. As a direct and proximate result of Plaintiff's Vehicle being hit by Defendant's Vehicle, Plaintiffs suffered personal injuries to the body, as well as damage to Plaintiffs' personal property.

18. As a direct and proximate result of said injuries, Plaintiffs received treatment and engaged the services of physicians to care for and treat them and that said injuries have caused Plaintiffs severe pain and suffering, likely permanent injuries, requiring Plaintiffs to seek ongoing treatment.

19. The majority of Plaintiffs' medical treatment has taken place in the State of Nevada.

20. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount in excess of $75,000.00.

21. As a direct and proximate result of the actions of Defendants, Plaintiffs have been required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

**FIRST CAUSE OF ACTION**

**(Negligence – As to all Defendants)**

22. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 21 above.

23. Defendants owed Plaintiffs a duty to exercise due care while driving Defendant's Vehicle on a public roadway, and said actions as described above, were a breach of Defendants' duty to Plaintiffs to use due care.

24. As a direct and proximate result of the negligence, carelessness, recklessness, wanton and willfulness of REPIN, and vicariously GREENWAY, Plaintiffs suffered personal injuries to the body, as well as damage to Plaintiffs' personal property.

25. Due to the injuries sustained by Plaintiffs in connection with the Collision, Plaintiffs have been required to engage the services of physicians for medical care and treatment.

26. Plaintiffs are entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries sustained in the Collision, which caused Plaintiffs' pain and suffering.

27. As a direct and proximate result of said injuries, Plaintiffs received treatment and engaged the services of physicians to care for and treat them and that said injuries have caused Plaintiffs severe pain and suffering, likely permanent injuries, requiring Plaintiffs to seek ongoing treatment.

28. As a direct and proximate result of the actions of Defendants, Plaintiffs experienced pain and suffering, damaging Plaintiffs in excess of $75,000.00.

29. As a direct and proximate result of the actions of Defendants, Plaintiffs have been required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

**SECOND CAUSE OF ACTION**

**(Negligence Per Se – As to all Defendants)**

30. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 29 above.

31. REPIN, and vicariously GREENWAY, owed Plaintiffs a duty to exercise due care in driving Defendant's Vehicle on a public roadway, and said actions as described above, were a breach of the Defendant's duty to use due care.

32. REPIN, and vicariously GREENWAY, owed Plaintiffs a duty to properly observe the traffic conditions, maintain a lawful, reasonable distance while driving, and to govern his conduct accordingly.

33. Defendants breached the duty to Plaintiff by violating pertinent statutes and municipal codes, which constitutes negligence as a matter of law.

34. Utah traffic codes were enacted to protect the general public while on the roadways of the State of Utah.

35. Plaintiffs were members of the class(es) these pertinent statutes were intended to protect.

36. As a direct and proximate result of the negligence, carelessness, recklessness, wanton and willfulness of REPIN, and vicariously GREENWAY, Plaintiffs suffered severe and serious personal injuries to the body, as well as damage to Plaintiffs' personal property.

37. Due to the injuries sustained by Plaintiffs in connection with the Collision, Plaintiffs have been required to engage the services of physicians for medical care and treatment.

38. Plaintiffs are entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries sustained in the Collision, which caused Plaintiffs' pain and suffering.

39. As a direct and proximate result of said injuries, Plaintiffs received treatment and engaged the services of physicians to care for and treat them and that said injuries have caused Plaintiffs severe pain and suffering, likely permanent injuries, requiring Plaintiffs to seek ongoing treatment.

40. As a direct and proximate result of the actions of Defendants, Plaintiffs experienced pain and suffering, damaging Plaintiffs in excess of $75,000.00.

41. As a direct and proximate result of the actions of Defendants, Plaintiffs have been required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

**THIRD CAUSE OF ACTION**

**(Negligent Entrustment – As to Defendant GREENWAY)**

42. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 41 above.

43. REPIN operated Defendant's Vehicle in a negligent manner by failing to observe traffic conditions, decrease speed and to exercise due care in connection with the Initial Collision and Subsequent Collisions.

44. GREENWAY owned Defendant's Vehicle which was operated by REPIN at the time of the Collision.

45. Plaintiffs are informed and believe that GREENWAY knew, or should have known, that v was inexperienced, incompetent, and/or unfit to operate Defendant's Vehicle.

46. Despite this knowledge, GREENWAY knowingly entrusted the use of the Defendant's Vehicle to REPIN.

47. REPIN's incompetence, inexperience or unfitness to drive Defendant's Vehicle was a substantial factor in causing injury and damages to Plaintiffs.

48. GREENWAY owed Plaintiffs a duty to exercise due care when entrusting its vehicle to REPIN.

49. GREENWAY breached its duty of due care to Plaintiffs by negligently entrusting its motor vehicle to an inexperienced, incompetent or unfit person.

50. Due to the injuries sustained by Plaintiffs in connection with the Collision, Plaintiffs have been required to engage the services of physicians for medical care and treatment.

51. Plaintiffs are entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries sustained in the Collision, which caused Plaintiffs' pain and suffering.

52. As a direct and proximate result of said injuries, Plaintiffs received treatment and engaged the services of physicians to care for and treat them and that said injuries have caused Plaintiffs severe pain and suffering, likely permanent injuries, requiring Plaintiffs to seek ongoing treatment.

53. As a direct and proximate result of the actions of Defendants, Plaintiffs experienced pain and suffering, damaging Plaintiffs in excess of $75,000.00.

54. As a direct and proximate result of the actions of Defendants, Plaintiffs have been required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

**FOURTH CAUSE OF ACTION**

**(Vicarious Liability/Respondeat Superior – As to GREENWAY)**

55. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 54 above.

56. At all times mentioned herein, REPIN was an employee of GREENWAY.

57. Upon information and belief, at the time of the Collision, REPIN was acting within the course and scope of his employment with GREENWAY while driving Defendant's Vehicle.

58. Upon information and belief, at the time of the Collision, REPIN was on a business errand on behalf of GREENWAY or furthering a business purpose of GREENWAY.

59. Upon information and belief, REPIN was under GREENWAY's control at the time of the Collision.

60. Upon information and belief, the relationship between GREENWAY and REPIN is that of superior and subordinate.

61. As REPIN's employer, GREENWAY is vicariously liable for all of REPIN's actions, omissions and inactions performed within the course and scope of his agency, ostensible agency, joint venture, contractual or employment relationship with GREENWAY.

62. As a direct and proximate result of Defendants' negligent conduct, Plaintiffs are entitled to a judgment against GREENWAY stating that it is vicariously liable for all REPIN's actions herein.

63. Due to the injuries sustained by Plaintiffs in connection with the Collision, Plaintiffs have been required to engage the services of physicians for medical care and treatment.

64. Plaintiffs are entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries sustained in the Collision, which caused Plaintiffs' pain and suffering.

65. As a direct and proximate result of said injuries, Plaintiffs received treatment and engaged the services of physicians to care for and treat them and that said injuries have caused Plaintiffs severe pain and suffering, likely permanent injuries, requiring Plaintiffs to seek ongoing treatment.

66. As a direct and proximate result of the actions of Defendants, Plaintiffs experienced pain and suffering, damaging Plaintiffs in excess of $75,000.00.

67. As a direct and proximate result of the actions of Defendants, Plaintiffs have been required to retain counsel to prosecute this action and are entitled to attorney's fees and costs.

## FIFTH CAUSE OF ACTION

**(Negligent Hiring, Training, Retention and Supervision– As to GREENWAY)**

68. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 67 above.

69. GREENWAY owed a duty to Plaintiffs to confirm that REPIN was competent and appropriate to act as its driver of GREENWAY's business vehicle – Defendant's Vehicle.

70. Plaintiffs are informed and believe that REPIN was inexperienced, incompetent, and/or unqualified to operate Defendant's Vehicle, a commercial vehicle, at the time of the Collision.

71. Plaintiffs are informed and believe that GREENWAY was negligent by failing to create the necessary and proper procedure for its process of hiring, training, retaining and supervising REPIN, such as conducting background investigations, utilizing and providing continuing education courses in the areas of traffic laws and the handling/driving of commercial vehicles.

72. Due to the injuries sustained by Plaintiffs in connection with the Collision, Plaintiffs have been required to engage the services of physicians for medical care and treatment.

73. Plaintiffs are entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries sustained in the Collision, which caused Plaintiffs' pain and suffering.

74. As a direct and proximate result of said injuries, Plaintiffs received treatment and engaged the services of physicians to care for and treat them and that said injuries have caused Plaintiffs severe pain and suffering, likely permanent injuries, requiring Plaintiffs to seek ongoing treatment.

75. As a direct and proximate result of the actions of Defendants, Plaintiffs experienced pain and suffering.

76. As a direct and proximate result of GREENWAY's negligence, recklessness and carelessness discussed above, Plaintiffs have been seriously injured and damaged in excess of $75,000.00.

77. As a direct and proximate result of GREENWAY's negligence, recklessness and carelessness discussed above, Plaintiffs have been required to retain counsel to prosecute this action and are entitled to attorney's fees and costs.

///

WHEREFORE, PLAINTIFFS, expressly reserving their rights to amend this Complaint at the time of the trial of the action herein to include all parties and items of damage not yet ascertained, demand judgment against Defendants, GREENWAY TRANS, INC.; VEACESLAV REPIN; DOES I through XV; and, ROE CORPORATIONS I through X, and each of the Defendants, jointly and severally, as follows:

1. For general damages in an amount in excess of $75,000.00;
2. For special damages in an amount according to proof;
3. For interest at the legal rate;
4. For cost of suit incurred herein;
5. For reasonable attorney's fees;
6. For such other and further relief as the Court may deem just and proper.

DATED this 2 day of June, 2017.

LAW OFFICE OF GINA M. CORENA

Gina M. Corena, Esq.
Nevada Bar No. 10330
Krista J. Nielson, Esq.
Nevada Bar No. 10698
400 S. Fourth Street, Suite 500
Las Vegas, Nevada 89101
*Attorneys for Plaintiffs*